[Cite as *H.C. v. R.K.*, 2016-Ohio-1572.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

H. C.

     Appellant

     v.

R. K.

     Appellant

C.A. No.     14CA0103-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     14DV0188

DECISION AND JOURNAL ENTRY

Dated: April 18, 2016

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, H.C., appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, denying her petition for a domestic violence civil protection order on behalf of her son, C.K., against Defendant-Appellee, R.K. For the reasons set forth below, we affirm.

I.

{¶2} The parties to this case, H.C. and R.K., were divorced on March 28, 2011. They share one son, C.K., who was born in September of 2008. The parties negotiated a separation agreement and a shared parenting plan, which the trial court incorporated into the divorce decree. In October 2013, the trial court made several modifications to the parties' shared parenting plan, one of which was to equalize the time that both parties were able to spend with C.K.

{¶3} In August 2013, H.C. began to suspect that R.K. was committing acts of domestic violence against C.K. These concerns stemmed from a number of physical injuries that C.K.

sustained over time while in his father's care, such as a fractured index finger and bruising to multiple areas of C.K.'s body. H.C. alleges that in 2014, C.K. emotionally informed her without provocation that his father was "really, really mean" and had physically hurt him during a recent visit to his house. Upon being questioned, C.K. divulged that his father had dropped him onto a glass table. C.K. also expressed fear of returning to his father's house in the future.

{¶4} On September 23, 2014, immediately prior to C.K.'s next scheduled visit to his father's house, H.C. petitioned for and received an ex parte domestic violence civil protection order. A magistrate subsequently held a two-day evidentiary hearing on H.C.'s petition. Both parties were represented by counsel, were provided with an opportunity to testify and ask questions of the other party, and were given an opportunity to present evidence.

{¶5} Roughly two weeks after the full hearing, R.K. filed a Motion to Dismiss H.C.'s petition for a domestic violence civil protection order based upon the results of a Medina County Department of Job and Family Services investigation finding that the level of risk to C.K. was low. The magistrate ultimately determined that H.C. had "failed to demonstrate by a preponderance of the evidence that [R.K.] engaged in domestic violence as defined by O.R.C. Section 3113.31 or that a [domestic violence civil protection order] is necessary to prohibit future acts of domestic violence." The magistrate recommended that the ex parte civil protection order be vacated and H.C.'s petition be dismissed. The trial court subsequently adopted the magistrate's decision and granted R.K.'s Motion to Dismiss, thus dismissing H.C.'s petition and vacating the ex parte domestic violence civil protection order. Thereafter, H.C. timely filed a Request for Findings of Fact and Conclusions of Law, a Motion for Stay Pending Appeal, and a Motion for Reinstatement of Ex Parte Civil Protection Order Pending Appeal. The trial court denied all of H.C's. motions.

{¶6}    H.C. now appeals from the trial court's dismissal of her petition for a domestic violence civil protection order and raises five assignments of error for this Court's review.  To facilitate our analysis, we elect to address H.C.'s assignments of error out of order.

II.

**Assignment of Error III**

**The Trial Court erred and abused its discretion by relying on the results of an investigation conducted by the Medina County Department of Job and Family Services to dismiss [H.C.'s] Petition for Domestic Violence Civil Protection Order.**

{¶7}    In her third assignment of error, H.C. argues that the trial court erred and abused its discretion by relying upon the results of the Medina County Department of Job and Family Services' investigation as a basis for denying her petition for a civil protection order.  Specifically, H.C. contends that because the agency's report was released after the conclusion of the full hearing, the trial court's reliance upon this report was improper.  We disagree.

{¶8}    Here, the magistrate's decision, which the trial court adopted, stated:

> The parties and witnesses testified at the hearing.  This Court heard no compelling evidence that the child should be named as a protected person in a domestic violence civil protection order.  *Further, the results of the Medina County Department of Job and Family Services investigation indicate that the child is at low risk for harm.*

(Emphasis added.)  H.C.'s argument that the "trial court relinquished its trier of fact role to a county agency" or "allow[ed] a county agency to determine whether a civil protection order was needed to a protect a child" is not well-taken.  There is no indication that the trial court abdicated its role as the trier of fact in this matter.  Rather, the trial court's judgment entry demonstrates that the court accounted for the Department of Job and Family Services' investigation as one item of evidence among many other items when ruling on H.C.'s petition.  The trial court's reliance upon the results of the Department of Job and Family Services' investigation was not the

sole basis of her recommendation to deny H.C.'s petition, but rather a supporting factor. Prior to discussing the agency's investigation results, the trial court had already determined that there was no compelling evidence presented during the full hearing that C.K. should be named as a protected person in a domestic violence civil protection order. Thus, we conclude that any error that the trial court may have committed in relying upon the agency's investigation results that were submitted after the full hearing had concluded is harmless.

{¶9} H.C.'s third assignment of error is overruled.

### Assignment of Error I

**The Trial Court erred and abused its discretion by failing to grant Appellant's Petition for Domestic Violence Civil Protection Order.**

### Assignment of Error V

**The Trial Court's decision dismissing Appellant's Petition for Domestic Violence Civil Protection Order is against the manifest weight of the evidence.**

{¶10} As H.C.'s first and fifth assignments of error implicate similar issues, we elect to address them together. In her first assignment of error, H.C. argues that the trial court erred by denying her petition for a domestic violence civil protection order on behalf of her son, C.K. Specifically, H.C. contends that the trial court abused its discretion in denying her petition because she proved by a preponderance of the evidence that R.K. either intentionally or recklessly caused bodily injury to their son, C.K. In her fifth assignment of error, H.C. argues that the trial court's decision to dismiss her petition for a domestic violence civil protection order was against the manifest weight of the evidence. We disagree on both points.

{¶11} We initially note that Civ.R. 65.1 authorizes a trial court to refer proceedings concerning civil protection orders to a magistrate. Civ.R. 65.1(F)(1). "According to Civ.R. 65.1(F)(3), * * * civil protection orders are not 'magistrate's order[s]' as contemplated by Civ.R.

53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders." *R.C. v. J.G.,* 9th Dist. Medina No. 12CA0081–M, 2013–Ohio–4265, ¶ 5. The trial court may adopt the magistrate's decision after determining that there is no error of law or other defect evident on the face of the order. Civ.R. 65.1(F)(3)(c)(ii). "A civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court." *R.C.* at ¶ 5; Civ.R. 65.1(G). In this case, the trial court adopted the magistrate's order denying the domestic violence civil protection order on the very same day. Since neither party filed objections, it is from this final and appealable order that H.C. appeals. Civ.R. 65.1(G).

{¶12} A trial court's decision to modify, adopt, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *Kalail v. Dave Walter, Inc.,* 9th Dist. Summit No. 22817, 2006-Ohio-157, ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). In our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai,* 9th Dist. Medina No. 08CA0049–M, 2009–Ohio–3139, ¶ 18.

{¶13} "In civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence." *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012–Ohio–2179, paragraph two of the syllabus. The Supreme Court of Ohio has held that in order to grant a protection order pursuant to R.C. 3113.31, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton,* 79 Ohio St.3d 34 (1997), paragraph two of the syllabus. As defined in R.C. 3113.31(A)(1), the

phrase "domestic violence" means the occurrence of one or more of the following acts against a family or household member:

(a) Attempting to cause or recklessly causing bodily injury;

(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;

(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

(d) Committing a sexually oriented offense.

{¶14} On the other hand, "the civil manifest weight of the evidence standard of review * * * mirrors the criminal standard." *Pelmar USA, LLC v. Mach. Exchange Corp.,* 9th Dist. Summit No. 25947, 2012–Ohio–3787, ¶ 10. An appellate court thus reviews the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact "'clearly lost its way and created a manifest miscarriage of justice.'" *J.K. v. M.K.,* 9th Dist. Medina No. 13CA0085–M, 2015–Ohio–434, ¶ 19, quoting *Eastley* at ¶ 20. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass,* 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Thus, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against [the judgment]." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶15} Here, the parties do not dispute that C.K. and R.K. are family or household members as defined by R.C. 3113.31(A). We also note that C.K. did not testify during the full hearing. However, H.C. testified that over a period of time, she observed her son return from his father's house with visible physical injuries, such as a fractured finger and bruising. H.C. testified that in September of 2014, C.K. became emotional and told her without any provocation

that "[d]addy was really, really mean," that he was afraid of returning to his father's house, and that his father had dropped him on a glass table, where he suffered bruises to his arms. C.K. repeated these statements days later to an intake worker with the Medina County Department of Job and Family Services who investigates allegations of abuse and neglect of minor children. C.K. also told a pediatrician and a psychological counselor at his school how he had obtained the bruises on his arms.

{¶16} The intake worker with the Department of Job and Family Services corroborated H.C.'s testimony and testified that C.K. had informed her that he did not feel safe at his father's home, that he thought his father was mean, and that he sustained the bruises on his arms by falling onto a table after being lifted by his father. The intake worker also testified that she thought it was significant that C.K. stated that he was fearful of his own father.

{¶17} The pediatrician testified that C.K.'s bruises and their location on his body caused her some concern and that the type of bruising on C.K.'s body was not commonly caused by child's play. She also testified that C.K.'s explanation of how he obtained the bruises to his arms was "very much" consistent throughout the course of her examination. The pediatrician further testified that based upon C.K.'s injuries and knowing that he had been dropped onto a table, she felt that there was sufficient evidence to make a referral to the Department of Job and Family Services for suspected child abuse, which she ultimately did.

{¶18} However, despite this testimony, none of the professional witnesses who testified during the two-day hearing could definitively say that R.K. abused his son, committed an act of domestic violence against his son, or posed an ongoing or future threat to the safety of his son. C.K.'s school teacher testified that on the day that C.K. told H.C. that "daddy was really, really mean," C.K.'s behavior and appearance was not out of the ordinary. She further testified that

although C.K. often wears sweatshirts in class, she did not see any bruises on C.K. and that nothing occurred that caused her to become concerned for C.K.'s physical well-being. Lastly, she testified that C.K. did not attempt to inform her of any problems he was having at home. Although the intake worker with the Medina County Department of Job and Family Services found C.K.'s statements regarding his father to be significant, she also testified that C.K. did not say whether his father struck him or intentionally dropped him onto a glass table. Moreover, the intake worker testified that this matter was categorized as an "alternative response case," as opposed to a "traditional response" that is reserved for more serious cases, because the information that the Department of Job and Family Services possessed "did not meet the criteria for a significant injury." Lastly, following its investigation, the Department of Job and Family Services released a report wherein it concluded that the level of risk to C.K. was low.

{¶19} We conclude that it was not erroneous for the trial court to determine that H.C. failed to carry her burden of proof in this matter. The trial court specifically found that H.C. failed to demonstrate by a preponderance of the evidence that R.K. engaged in domestic abuse as defined by R.C. 3113.31 or that a civil protection order was necessary to prohibit future acts of domestic violence against C.K. Moreover, as the trier of fact in this matter, the trial court was in the best position to evaluate the evidence and assess the credibility of the witnesses. After carefully reviewing the record, we determine that some competent, credible evidence existed to support the trial court's decision to deny H.C.'s petition for a domestic violence civil protection order. As such, the trial court did not abuse its discretion by denying H.C.'s petition for a domestic violence civil protection order.

{¶20} Accordingly, H.C.'s first and fifth assignments of error are overruled.

**Assignment of Error II**

**The Trial Court erred and abused its discretion by ruling that it had no jurisdiction to modify existing orders of allocation of parental rights and responsibilities.**

{¶21} In her second assignment of error, H.C. argues that the trial court erred by determining that it lacked the authority to temporarily modify existing orders of allocation of parental rights and responsibilities while the parties had an ongoing, post-decree child custody dispute in their divorce proceedings pending on appeal before this Court. Based on our resolution of H.C.'s first and fifth assignments of error, we need not address this argument regarding the trial court's jurisdiction in this matter because H.C. failed to meet her evidentiary burden. *See CF & F Realty Trust v. Franklin Cty. Aud.*, 10th Dist. Franklin No. 99AP-1030, 2000 WL 942946, * 2 (July 11, 2000) ("Because plaintiff has failed to meet his burden of providing some evidence to support his claimed ownership interests in the parcels, we need not determine whether plaintiff's claimed ownership interests in the parcels would give plaintiff standing to prosecute the action."). Even assuming arguendo that the trial court's jurisdictional ruling was erroneous, the only relief that this Court could grant would be to remand the matter for a hearing where the parties could fully present their evidence before the trial court rules on the merits of H.C.'s petition for a domestic violence civil protection order. *See Johnsen v. Johnsen*, 9th Dist. Summit No. 16023, 1993 WL 392077, * 1-2 (Oct. 6, 1993) (reversing trial court's denial of Civ.R. 60(B) motion for lack of jurisdiction and remanding matter for further proceedings). However, such a remedy is unnecessary here because both parties have already been afforded such an opportunity to present evidence and the trial court proceeded to rule on the merits of H.C.'s petition despite its conclusion that it did not have the authority to temporarily modify existing orders of allocation of parental rights and responsibilities. *Compare Gerijo, Inc.*

*v. Fairfield*, 12th Dist. Butler No. CA91-02-029, 1991 WL 254631, * 3 (Dec. 2, 1991) (reversing trial court's judgment that it lacked jurisdiction to consider action and remanding matter "to the trial court to make a final determination on the merits").

{¶22} Accordingly, H.C.'s second assignment of error is overruled.

### Assignment of Error IV

**The Trial Court erred and abused its discretion by denying Appellant's Request for Findings of Fact and Conclusions of Law, and failing to issue Findings of Fact and Conclusions of Law.**

{¶23} In her fourth assignment of error, H.C. argues that the trial court erred and abused its discretion by denying her request for findings of fact and conclusions of law. We disagree since this issue is not properly before this Court.

{¶24} Here, H.C. filed her request for findings of fact and conclusions of law on November 10, 2014. However, H.C. filed the notice of appeal in the present matter four days before she filed her request. Accordingly, H.C.'s notice of appeal deprived the trial court of jurisdiction to act on her request for findings of fact and conclusions of law that she filed after the notice of appeal. "If a trial court lacks jurisdiction, any order it enters is a nullity and is void." *Fifth St. Realty Co., et al. v. Clawson*, 9th Dist. Lorain No. 94CA005996, 1995 WL 353722, * 2 (June 14, 1995). Thus, the issue of whether the trial court erred in denying H.C.'s request for findings of fact and conclusions of law is not properly before this Court.

{¶25} H.C.'s fourth assignment of error is overruled.

### III.

{¶26} With all of H.C.'s assignments of error having been overruled, the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JAMES A. LANE, Attorney at Law, for Appellant.

ANDREA BURDELL-WARE, Attorney at Law, for Appellee.