[Cite as *State ex rel. DeWine v. Wolfe*, 2022-Ohio-1580.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO, ex rel.
MICHAEL DeWINE

     Appellee

     v.

NEIL WOLFE, et al.

     Appellants

C.A. No.      30021


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CV-2017-11-4755

DECISION AND JOURNAL ENTRY

Dated: May 11, 2022

---

SUTTON, Judge.

{¶1} Defendants-Appellants Neil Wolfe and Neil Construction Company, Inc. ("Neil Construction"), appeal from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} On November 14, 2017, the State of Ohio Attorney General's Office ("the State") filed an action against Mr. Wolfe and Neil Construction seeking declaratory and injunctive relief, consumer restitution, and civil penalties on behalf of sixteen consumers. The State claimed that Mr. Wolfe and Neil Construction violated various provisions of the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. Chapter 1345, and the Home Construction Service Suppliers Act ("HCSSA"), R.C. Chapter 4722. Specifically, the State alleged that Mr. Wolfe and Neil Construction violated the OCSPA by: (1) failing to make delivery; (2) performing substandard work; and (3) failing to obtain permits and licenses for contracted work. The State also alleged

that Mr. Wolfe and Neil Construction committed violations of the HCSSA by: (1) failing to deliver services in accordance with the terms of the contract; (2) performing services in an unworkmanlike manner; and (3) failing to provide service contracts with required information to customers.

{¶3} A multi-day trial was held before a magistrate. The State presented testimony from twenty-four witnesses, including thirteen consumers who had entered into contracts for work on their homes. In their defense, Mr. Wolfe and Neil Construction presented the testimony of Mr. Wolfe. With permission of the trial court, the parties also filed post-trial briefs on several issues.

{¶4} On January 8, 2021, the magistrate issued a decision, finding in favor of Mr. Wolfe and Neil Construction on four counts and in favor of the State on two counts. The magistrate found that the State failed to present sufficient evidence to establish judgment in its favor on the OCSPA counts dealing with failure to deliver and performing substandard work, and the HCSSA claims alleging failure to deliver and performing services in an unworkmanlike manner. However, the magistrate did find that the State presented sufficient evidence to render judgment against Mr. Wolfe and Neil Construction on one OCSPA count alleging failure to obtain required contractor's permits and licenses and one HCSSA count alleging a failure to provide service contracts with required information.

OCSPA Violations

{¶5} The magistrate found that the evidence and testimony presented at trial established three violations of R.C. 1345.02(G), when Mr. Wolfe and Neil Construction failed to "obtain or maintain * * * registration, license, bond, or insurance required by state law or local ordinance" on construction projects at the Edwards, Schreiner, and Provenzano properties. Specifically, the magistrate found the State established:

> With respect to work performed at the [Edwards] property, the testimony and evidence established that [Mr. Wolfe and Neil Construction] performed work on

said property without maintaining the required Certificate of Contractor Registration. The evidence established that [Mr.] Wolfe registered as a contractor with the City of Streetsboro on September 26, 2017[,] and that that registration expired on December 31, 2017. *See* State's Exhibit 4-E(A). Even though [Mr.] Wolfe performed work on the Edwards property in 2018, as established by the testimony from [Mr.] Wolfe and [Mr.] Edwards, he did not register as a contractor with the City of Streetsboro in 2018. * * *

With respect to work performed at the Schreiners' property, the testimony and evidence established that [Mr.] Wolfe entered into two separate contracts with the Schreiners on October 7, 2015. One contract was for a roof replacement project and one for a kitchen expansion project. The testimony established that [Mr.] Wolfe began and completed the roof replacement project in October of 2015. A Contractor Registration was not obtained from Summit County, however, until November 5, 2015, i.e. after the roof replacement was completed. * * *

Next, the testimony and evidence established that [Mr.] Wolfe contracted with [Mr.] Provenzano on June 25, 2017[,] for a bathroom remodel project at [Mr.] Provenzano's Kent, Ohio residence. [Mr.] Wolfe commenced work on this project in August, 2017. Despite Kent's ordinance requiring contractors to obtain a contractor's registration before commencing work, Robert Nitche, the Chief Building Official for the City of Kent, testified that there is no record that either [Mr.] Wolfe or Neil Construction is a registered contractor in the [City of] Kent.

The magistrate concluded that the failure to obtain the required permits or licenses at the Edwards, Schreiner, and Provenzano properties each constituted a separate violation of R.C. 1345.02(G) and assessed a civil penalty of $15,000.00 for each violation, for a total of $45,000.00, pursuant to R.C. 1345.07(D).

HCSSA Violations

{¶6} The magistrate also found that the State's evidence and testimony established Mr. Wolfe and Neil Construction committed eight violations of R.C. 4722.02(A). The magistrate found:

Specifically, these contracts did not include the statutorily required (a) supplier's name, physical business address, business telephone number, taxpayer identification number; (b) the anticipated date or time period the home construction service is to begin and the anticipated date or time it is to be completed; and (c) a copy of the supplier's certificate of insurance showing general liability coverage in an amount not less than two hundred fifty thousand dollars.

The magistrate concluded that with respect to the Edwards and Brown contracts, the State established six violations of R.C. 4722.02(A)(1), R.C. 4722.02(A)(5), and R.C. 4722.02(A)(8). The magistrate also found that "[t]he down payment on the Edwards' contract was $15,380.00 on a $27,380.00 contract and the Pablo's down payment was $27,185.00 on a $67,185.00 project." The magistrate concluded that these down payments were excessive pursuant to R.C. 4722.04, for a total of two additional violations of R.C. Chapter 4722. The magistrate then imposed a civil penalty, pursuant to R.C. 4722.07, of $15,000.00 for each violation of R.C. Chapter 4722. The eight violations constituted a civil penalty of $120,000.00.

{¶7} Mr. Wolfe and Neil Construction filed written objections to the magistrate's decision. However, they did not provide the trial court with a transcript of the proceedings with their written objections. The trial court, on May 20, 2021, overruled Mr. Wolfe and Neil Construction's objections, adopted the decision of the magistrate as an order of the court, and entered judgment against Mr. Wolfe and Neil Construction, jointly and severally, in the amount of $165,000.00.

{¶8} Mr. Wolfe and Neil Construction timely appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE $165,000 JUDGMENT THAT WAS IMPOSED AGAINST [MR.] WOLFE, AS A "CIVIL PENALTY," IS EXCESSIVELY PUNITIVE AND AMOUNTS TO A GROSSLY EXCESSIVE AND UNCONSTITUTIONAL PUNISHMENT.**

{¶9} In their first assignment of error, Mr. Wolfe and Neil Construction argue the penalty imposed by the trial court was grossly excessive and constituted an unconstitutional punishment. For the following reasons, we reject their argument.

{¶10} A review of the record shows that Mr. Wolfe and Neil Construction failed to raise the issue of the constitutionality of the civil penalty with the trial court. The failure to raise a constitutional issue at the trial level forfeits the right to make a constitutional argument on appeal. *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. While a defendant who forfeits such an argument still may argue plain error on appeal, this Court will not sua sponte undertake a plain-error analysis if the defendant fails to do so. *See State v. McCraw*, 9th Dist. Medina No. 14CA0009-M, 2015-Ohio-3809, ¶ 5; *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 9. Mr. Wolfe and Neil Construction have not made a plain error argument on appeal. Accordingly, this Court will not make one on their behalf.

{¶11} Mr. Wolfe and Neil Construction's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE $165,000 JUDGMENT THAT WAS IMPOSED AGAINST [MR.] WOLFE, AS A "CIVIL PENALTY," IS UNREASONABLE, ARBITRARY[,] AND/OR UNCONSCIONABLE, IN RELATION TO THE SPECIFIC FACTS AND CIRCUMSTANCES OF RECORD REGARDING THE FOUR RELEVANT CONSUMER CONTRACTS**.

{¶12} In their second assignment of error, Mr. Wolfe and Neil Construction argue the trial court's imposition of the civil penalty was "unreasonable, arbitrary, and/or unconscionable." For the following reasons, we disagree.

## Standard of Review

**{¶13}** A trial court's decision to modify, adopt, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *H.C. v. R.K.*, 9th Dist. Medina No. 14CA0103-M, 2016-Ohio-1572, ¶ 12, citing *Kalail v. Dave Walter, Inc.*, 9th Dist. Summit No. 22817, 2006–Ohio–157, ¶ 5. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶14}** Here, the magistrate issued a decision imposing a civil penalty of $165,000.00 jointly and severally against Mr. Wolfe and Neil Construction. Pursuant to Civ.R. 53(D)(3)(b), Mr. Wolfe and Neil Construction filed objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv), requires a party filing objections to provide the court with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Mr. Wolfe and Neil Construction failed to provide the court with either a transcript or an affidavit. As this Court has previously stated, "[w]ithout a transcript of the [trial], a trial court is required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact." *Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. Summit No. 28466, 2017-Ohio-7693, ¶ 12, citing *City of Cuyahoga Falls v. Eslinger*, 9th Dist. Summit No. 21951, 2004-Ohio-4953, ¶ 6.

## OCSPA Violations

**{¶15}** The magistrate made three findings of fact with respect to violations of R.C. 1345.02(G): (1) Mr. Wolfe failed to register as a contractor with the City of Streetsboro in 2018 while working on the Edwards property; (2) Mr. Wolfe began and completed a roof replacement

in October of 2015 on the Schreiner property before registering as a contractor in Summit County; and (3) Mr. Wolfe failed to obtain a contractor registration when completing a bathroom remodel project on the Provenzano property in the City of Kent in August 2017.

{¶16} The trial court, in adopting the magistrate's decision, noted that Mr. Wolfe and Neil Construction did not dispute the failure to register. Instead, they argued that the failure to register as a contractor did not constitute a violation of R.C. 1345.02. However, the statute plainly states in R.C. 1345.02(G) that "the failure of a supplier to obtain or maintain any registration, license, bond, or insurance required by state law or local ordinance for the supplies to engage in the supplier's trade or profession is an unfair or deceptive act or practice." Mr. Wolfe did not argue that he was not a supplier under the statute. The magistrate found three instances where Mr. Wolfe and Neil Construction failed to obtain the proper registrations. Because Mr. Wolfe and Neil Construction failed to provide the trial court with a transcript, the trial court was required to accept all of the magistrate's findings of fact as true. Therefore, the trial court did not err in overruling Mr. Wolfe and Neil Construction's objections.

{¶17} After reviewing the record, we cannot conclude that the trial court abused its discretion by adopting the magistrate's legal conclusions that Mr. Wolfe and Neil Construction failed to register as a contractor in violation of R.C. 1345.02. As such, Mr. Wolfe and Neil Construction's second assignment of error with respect to the OCSPA violations is overruled.

HCSSA Violations

{¶18} As stated above, the magistrate found that with respect to the contracts on the Edwards and Brown property:

> [T]hese contracts did not include the statutorily required (a) supplier's name, physical business address, business telephone number, and tax payer identification number; (b) the anticipated date or time period the home construction service is to begin and the anticipated date or time period it is to be completed; and (c) a copy

of the supplier's certificate of insurance showing general liability coverage in an amount of not less than two hundred fifty thousand dollars.

The magistrate concluded that Mr. Wolfe's failure to provide the required information on both the Edwards and Brown contracts constituted six violations of R.C. 4722.02(A)(1), R.C. 4722.02(A)(5), and R.C. 4722.02(A)(8).

{¶19} Additionally, R.C. 4722.04 states "[a] home construction service supplier may take as down payment not more than ten percent of the contract price before the supplier's performance[.]" The magistrate found that the down payment on the Edwards contract was $15,380.00 on a $37,380.00 contract and the down payment on the Pablo contract was $27,185.00 on a $67,185.00 contract. The magistrate concluded that this constituted two violations of R.C. 4722.04.

{¶20} R.C. 4722.07 provides that for each violation of the chapter, the trial court can impose a civil penalty of not more than $25,000.00. The magistrate found eight violations of the Chapter 4722 and assessed a civil penalty of $15,000.00 for each violation, for a total of $120,000.00.

{¶21} The trial court, in adopting the magistrate's legal conclusions, noted with respect to Mr. Wolfe and Neil Construction's objections:

Mr. Wolfe and Neil Construction's Second Objection appears to be that the Magistrate's findings with respect to the HCSSA violations are not supported by sufficient evidence. Because they have not provided the court with a transcript of evidence, the court cannot consider this objection.

{¶22} After reviewing the record, we cannot conclude that the trial court abused its discretion in adopting the legal conclusions reached by the magistrate. The magistrate's legal conclusions were supported by competent, credible evidence in the record. As such, Mr. Wolfe

and Neil Construction's second assignment of error with respect to the HCSSA violations is overruled.

{¶23} Mr. Wolfe and Neil Construction's second assignment of error is overruled.

III.

{¶24} Mr. Wolfe and Neil Construction's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

DOMINIC J. VITANTONIO, Attorney at Law, for Appellant.

DAVID A. FREEBURG, Attorney at Law, for Appellant.

REBECCA F. SCHLAG and MICHAEL R. SLIWINSKI, Assistant Attorneys General, for Appellee.