[Cite as *State v. McCraw*, 2015-Ohio-3809.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 14CA0009-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK MCCRAW | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 13CR0209 |

DECISION AND JOURNAL ENTRY

Dated: September 21, 2015

CARR, Judge.

{¶1} Appellant Mark McCraw appeals his conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} McCraw was indicted on two counts of driving under the influence of drugs or alcohol ("OVI"), having previously been convicted of or pleaded guilty to five or more such violations within twenty years. Both offenses constituted felonies of the fourth degree. The matter proceeded to trial before the jury who found McCraw guilty of both counts. In addition, the jury made a special finding as to each count that McCraw had five or more OVI convictions in the past twenty years. At sentencing, the trial court found the two counts to be allied offenses of similar import. The State elected sentencing on the second count, and the trial court sentenced McCraw accordingly. McCraw appealed and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN [THAT] THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT AND/OR THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT REQUIRES PROOF OF PRIOR CONVICTIONS TO BE MADE THROUGH THE TESTIMONY OF A WITNESS, WHO IS THE KEEPER OF THOSE RECORDS, WHEN SUCH PROOF OF THESE RECORDS IS SUCH THAT IT WOULD SERVE AS PROOF OF AN ELEMENT OF THE OFFENSE OF [R.C.] 4511.19, WITHOUT SUCH TESTIMONY, [R.C.] 2945.75(B) BECOMES AN UNCONSTITUTIONAL APPLICATION FOR PROVING A PRIOR CONVICTION.

**{¶3}** McCraw argues that admission of certified records from the Ohio Registrar of Motor Vehicles, evidencing his multiple prior OVI convictions, violated the Confrontation Clause, requiring reversal of his conviction. In addition, he argues that application of R.C. 2945.75(B)(2), which permits proof of a prior conviction via certified copy of the registrar's record, is unconstitutional. Because McCraw forfeited these alleged errors by failing to properly raise them in the trial court, this Court declines to address them.

**{¶4}** Immediately prior to trial, McCraw made an oral motion to dismiss the first count in the indictment because the bill of particulars referred to a nonexistent code section. While discussing this motion, there was a passing reference to constitutional issues, but McCraw did not develop them. McCraw did not raise any constitutional challenges in his motion to dismiss.

**{¶5}** The failure to raise a constitutional issue at the trial level forfeits the right to make a constitutional argument on appeal. *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. While a defendant who forfeits such an argument still may argue plain error on appeal, this court will not sua sponte undertake a plain-error analysis if a defendant fails to do so. *See State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11. Because McCraw has not argued

plain error on appeal, this Court will not create such an argument on his behalf.  *See id*.

McCraw's assignment of error is overruled.

III.

**{¶6}**    McCraw's assignment of error is overruled.  The judgment of the Medina County

Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common

Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy

of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of

judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the

mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

R. PAUL CUSHION, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.