[Cite as *In re R.P.*, 2017-Ohio-276.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: R.P.

C.A. No. 28097

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 12-11-745

DECISION AND JOURNAL ENTRY

Dated: January 25, 2017

---

WHITMORE, Judge.

**{¶1}** Appellant, Julian T. ("Father"), has appealed from the judgment of the Summit County Court of Common Pleas, Juvenile Division, granting legal custody of his minor child, R.P., to Angela A. ("Angela"). This Court affirms.

I

**{¶2}** Tiara P. ("Mother") gave birth to R.P. on July 11, 2007. Mother and R.P. each tested positive for cocaine at the time of the child's birth. The father of the child was unknown at the time. Accordingly, Summit County Children Services Board ("CSB") removed the infant from the hospital the next day and, consistent with Mother's request, placed her with Mother's maternal cousin, Angela and her husband, Donald, who already had legal custody of another of Mother's children, L.P. Several months later, the juvenile court adjudicated R.P. to be an abused child and granted legal custody to Angela and Donald.

{¶3} Four years later, Father was determined by genetic testing to be R.P.'s biological father. He challenged the judgment granting legal custody to Angela and Donald through a Motion for Relief from Judgment pursuant to Civil Rule 60(B), claiming he had not been properly served with the complaint in that action. The juvenile court denied the motion. Father appealed, and this Court reversed and remanded the matter for further proceedings in the trial court. *See In re R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799.

{¶4} Upon remand, CSB filed a new complaint on November 30, 2012, and Angela and Donald were permitted to intervene, as R.P. had resided in their care since her birth. The court adjudicated R.P. to be dependent and granted temporary custody to the agency. Father appealed from the adjudication and disposition, and this Court affirmed the judgment of the trial court. *See In re R.P.*, 9th Dist. Summit No. 26836, 2013-Ohio-5728. The matter continued in the trial court. During those proceedings, Angela and Donald divorced, but Donald continued to share in the parenting responsibilities for R.P. In due course, Father and Angela each filed a motion seeking legal custody. Angela's motion was supported by Donald, CSB, and the guardian ad litem. A hearing on the competing motions took place over the course of three days.

{¶5} The record established that eight-year-old R.P. had resided with Angela since her birth. The guardian ad litem recommended placement of R.P. in Angela's legal custody, believing that the child's strongest bond was with Angela, that R.P. was doing well in that placement, that she had consistently and adamantly expressed the wish to remain in Angela's care, and that a permanent resolution of her custodial status was needed.

{¶6} On December 30, 2015, the juvenile court granted legal custody of R.P. to Angela. Father now appeals and assigns one error for review.

II

Assignment of Error

THE JUVENILE COURT[] COMMITTED STRUCTURAL, REVERSIBLE AND PLAIN ERROR BY VIOLATING THE FATHER'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTH AMENDMENT OF THE UNITED STATES' CONSTITUTION AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION, BY PLACING THE CHILD WITH A RELATIVE.

{¶7}  Father claims that the trial court erred in granting legal custody to Angela rather than to him.  In his appellate brief, Father acknowledges that he did not raise a due process argument below and that this Court's review is, therefore, limited to a plain error analysis.  *See State v. McCraw*, 9th Dist. Medina No. 14CA0009-M, 2015-Ohio-3809, ¶ 5 (noting that the failure to raise a constitutional issue at the trial level forfeits all but plain error on appeal).  Despite acknowledging that a plain error analysis applies, Father's merit brief fails to develop an argument in that regard.  *See* App.R. 16(A)(7).  Similarly, while Father also asserts that the trial court committed structural error, he offers no argument on that issue relative to this appeal.  To the extent that plain error and structural error arguments exist, it is not this Court's duty to root them out.  *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.").  Moreover, Father has not presented any argument with respect to the best interest of the child.

{¶8}  Accordingly, Father's sole assignment of error is overruled.

III

{¶9}  Father's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

JOHN ALEXANDER, Attorney at Law, for Appellee.

BRIAN ASHTON, Attorney at Law, for Appellee.

TONY PAXTON, Guardian ad Litem.