[Cite as *In re L.C.*, 2018-Ohio-370.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

IN RE: L.C.                           C.A. No.     28718
      Z.G.
      Z.G.
      Z.G.
      Z.G.                        APPEAL FROM JUDGMENT
                                 ENTERED IN THE
                                 COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
                                 CASE Nos.    DN16-07-0574
                                                  DN16-07-0575
                                                  DN16-07-0576
                                                  DN16-07-0577
                                                  DN16-07-0578

DECISION AND JOURNAL ENTRY

Dated: January 31, 2018

CARR, Judge.

{¶1}    Appellant, L.G. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her five minor children in the permanent custody of Summit County Children Services Board ("CSB"). Because Mother was deprived of her due process right to notice and an opportunity to be heard at the permanent custody hearing, this Court reverses and remands.

I.

{¶2}    This Court will confine its review to the basic facts relevant to the due process issue before us. Mother is the biological mother of the five children at issue in this appeal. The children's fathers did not appeal from the trial court's judgment.

**{¶3}** On July 11, 2016, Akron police removed these children from the home of their legal custodian pursuant to Juv.R. 6. The next day, CSB filed complaints, alleging that the children were dependent and they were later adjudicated accordingly.

**{¶4}** On December 1, 2016, CSB moved for permanent custody of all five children. Facts pertaining to service of the motion and summons will be detailed later. The permanent custody hearing was held as scheduled on March 9, 2017 before a visiting judge. None of the parents appeared, nor did any counsel on their behalf. After the hearing, the trial court entered judgment, terminating parental rights and awarding permanent custody of the children to CSB.

**{¶5}** Mother appealed and raised three assignments of error, including a due process argument about the permanent custody hearing proceeding without her, or any counsel on her behalf, in attendance. Based upon an initial review of the record, however, this Court questioned whether Mother was represented by counsel during the trial court proceedings and, if not, whether she was properly served with the permanent custody summons and motion. Upon the order of this Court, the parties submitted supplemental briefs.

**{¶6}** Upon further review of the record, it is apparent that Mother was not represented by counsel prior to the final judgment. After CSB filed its complaint, the trial court scheduled the shelter care hearing for the following day, July 13, 2016, and included on the notice a bold-faced notation that parties "[a]rrive early if you wish to consult with an attorney."

**{¶7}** Mother appeared for the shelter care hearing and apparently consulted with an attorney, because the court's journal entry indicates that Mother was present with an attorney. There is nothing in the record, however, to demonstrate that Mother received ongoing representation by that attorney. Although CSB continued to serve pleadings on that same

attorney, no other filings in the record suggest that Mother was represented by counsel during the trial court proceedings.

{¶8} Notably, prior to the final judgment, the record does not include an application for appointed counsel filed by Mother, nor did an attorney file a notice of appearance on her behalf. *See* Loc.R. 8.02(A) and Loc.R. 8.01(A) of the Summit County Court of Common Pleas, Juvenile Division. No attorney appeared on Mother's behalf at any hearing after shelter care, nor did an attorney file any pleading or other document on Mother's behalf or an application for appointed counsel fees. Loc.R. 8.01(E)(1) of the Summit County Court of Common Pleas, Juvenile Division.

{¶9} Although the final judgment identifies an attorney who purportedly appeared on Mother's behalf, nothing in the record suggests that Mother had legal representation at the hearing. At the commencement of the permanent custody hearing, the visiting judge identified on the record all of the parties and attorneys in the room, but he did not mention Mother or any attorney appearing on her behalf. Moreover, nothing was recorded throughout the entire hearing to suggest that anyone questioned witnesses or otherwise appeared on Mother's behalf. After the final judgment, however, Mother applied for appointed counsel and the trial court appointed the attorney who now represents her in this appeal.

{¶10} From a thorough review of the record, this Court can only conclude that Mother was not represented by counsel prior to the final judgment. Consequently, this Court will confine its review to the issue of whether Mother, who was not represented by counsel, was properly served with the permanent custody motion and summons to the hearing because that issue is dispositive.

II.

**Service of the Permanent Custody Motion and Summons on Mother**

{¶11} As this Court has repeatedly emphasized, our review of permanent custody appeals is "guided by the fundamental notion that both parents * * * have a basic civil right to the care and custody of their child." *See, e.g., In re S.R.*, 9th Dist. Summit No. 27209, 2014-Ohio-2749, ¶ 36, citing *See Stanley v. Illinois,* 405 U.S. 645, 651 (1972). "Permanent termination of parental rights has been described as 'the family law equivalent of the death penalty in a criminal case.' Therefore, parents 'must be afforded every procedural and substantive protection the law allows.'" *In re Hayes,* 79 Ohio St.3d 46, 48 (1997), quoting *In re Smith,* 77 Ohio App.3d 1, 16 (6th Dist.1991).

{¶12} Among the procedural protections of the parties is the obligation of the agency to provide the parents with notice and an opportunity to be heard throughout the proceedings. *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 12-13. Mother was a party to the trial court proceeding who was not represented by counsel and, therefore, she had to be served with the permanent custody motion. Juv.R. 16(A); Loc.R. 6.02 of the Court of Common Pleas of Summit County, Juvenile Division; Juv.R. 2(Y).

{¶13} In addition to the requirements of Ohio Civil Rules, the parents have a constitutional right to due process. For service of process to comport with the fundamental fairness notion of due process, it must attempt to provide actual notice and be "reasonably calculated, under all the circumstances" to provide the parties with notice and an opportunity to be heard. *Thompkins* at ¶ 13-14.

{¶14} The facts pertaining to attempts to serve Mother with the permanent custody motion and summons to the hearing are as follows. On December 1, 2016, CSB moved for

permanent custody of all five children. At that time, Mother's whereabouts were unknown, so service of the motion and summons were attempted by certified mail at Mother's last known address on Copley Road in Akron. The certified mail envelope was later returned and marked "UNCLAIMED."

{¶15} Shortly afterward, CSB informed the trial court that it had learned that Mother was incarcerated in Jamaica, and that it had received the address of the institution two days earlier. Although it is the responsibility of the parents to inform the agency about changes in their contact information and it is unclear how CSB learned that Mother was incarcerated, the agency informed the trial court that it had actual knowledge that Mother was incarcerated at a certain prison and that it had the address. Nevertheless, CSB requested that Mother be served at the Copley Road address by regular mail. On January 23, 2017, Mother was served by regular mail with the motion and a summons to the permanent custody hearing at the Copley Road address. That ordinary mail envelope was not returned for failure of delivery.

{¶16} On February 10, 2017, CSB requested service of the summons via certified mail at the address that it had provided for the prison in Jamaica. On February 13, 2017, three weeks before the scheduled hearing, the certified mailing was sent to the address of the Jamaican prison that CSB had provided.

{¶17} At the permanent custody hearing, counsel for CSB represented to the court that service twice head been perfected on Mother many weeks before the hearing, but that representation is contradicted by the record. Mother had no opportunity to dispute CSB's assertion of proper service because neither she nor an attorney on her behalf appeared at the hearing. Moreover, CSB now concedes that, the day after the hearing, the certified mailing of the summons to the Jamaican prison was returned because it had an insufficient address.

{¶18} On appeal, CSB does not dispute that Mother was at the Jamaican prison and that she was not served there with the permanent custody motion and summons. Instead, it argues that, because the attempted certified mail service to the Copley Road address was returned unclaimed, "it was technically correct to effectuate service via regular mail[]" to that same address because the regular mail envelope was never returned for failure of delivery. Civ.R. 4.6(D).

{¶19} Although serving Mother via regular mail at the Copley Road address at the end of January 2017 may have complied with the requirements of the Ohio Civil Rules, mailing the summons to the Copley Road address was not "reasonably calculated, under all the circumstances" to provide Mother with notice. *See Thompkins* at ¶ 13-14. Specifically, CSB had informed the trial court several weeks earlier that Mother was incarcerated in Jamaica and that it had an address of the institution.

{¶20} As the Ohio Supreme Court explained in *Thompkins*, the Ohio Civil Rules allow for service by ordinary mail after a certified mailing is returned as unclaimed because the person might actually reside at that address but "for whatever reason" chose not to sign for the certified mail. 2007-Ohio-5238, ¶ 23. Based on that inference, a follow-up communication by ordinary mail would be "reasonably calculated" to reach the person intended to be served. *Id.*

{¶21} The specific facts and circumstances of the case must be considered to determine whether regular mail is reasonably calculated to provide notice, however. Following up with ordinary mail would not be reasonably calculated to reach a person when the party attempting to perfect service has knowledge that the intended recipient does not reside at that address. *Id.*; *see also Hinkle v. Washington,* 12th Dist. Butler No. CA96-04-088, 1996 Ohio App. LEXIS 4403, * 5-6. Facial compliance with Civ.R. 4.6(D) does not satisfy the requirements of due process

when the serving party has actual knowledge that the intended recipient resides at a different address. *Hinkle* at * 5-6.

{¶22} Several weeks before requesting regular mail service at the Copley Road address, CSB informed the trial court that it had learned that Mother was incarcerated in Jamaica and that it had the address. Consequently, re-sending the summons to the Copley Road address was not reasonably calculated to reach Mother because CSB had actual knowledge that she was not there and, in fact, was residing elsewhere.

{¶23} A few weeks before the hearing, the clerk attempted to serve Mother via certified mail at the Jamaican prison, but it was returned the day after the hearing because of an insufficient address. Because Mother was denied her right to proper notice and an opportunity to be heard at the permanent custody hearing, the trial court's judgment must be reversed. Consequently, her stated assignments of error have been rendered moot and will not be addressed.

### III.

{¶24} The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion. Mother's stated assignments of error are not addressed because they are moot.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

MARK J. WARTKO, Attorney at Law, for Appellee.

BRENDON KOHRS, Attorney at Law, for Appellee.

RANDALL BRAY, Attorney at Law, for Children.

HOLLY FARAH, Guardian ad Litem.