[Cite as *In re U.D.*, 2019-Ohio-512.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: U.D.

C.A. No.     29195

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 16-11-986

DECISION AND JOURNAL ENTRY

Dated: February 13, 2019

HENSAL, Judge.

{¶1}   Appellant, Tamirra L. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her minor child in the permanent custody of Summit County Children Services Board ("CSB").  This Court affirms.

I.

{¶2}   Mother has a lengthy history with CSB with her older children dating back to 2008.  Through separate juvenile court cases, Mother's parental rights to U.D.'s five older siblings were involuntarily terminated.  The case plans in those cases focused on Mother's long-standing untreated mental health and substance abuse problems.  During the prior cases, Mother made little progress on the reunification goals of the case plans.  Throughout the prior cases, Mother continued to struggle with serious mental health and substance abuse problems, did not visit her children regularly, and failed to maintain contact with CSB.

**{¶3}** Mother gave birth to U.D. on November 16, 2016. Two days later, CSB filed a complaint, alleging that U.D. was a dependent child because of Mother's untreated mental health and substance abuse problems and because she had involuntarily lost custody of five older siblings for those same reasons. Mother had tested positive for cocaine during her pregnancy with U.D. and, after the child's birth, admitted that she continued to struggle with her long-term problems with substance abuse and unstable mental health.

**{¶4}** U.D. was later adjudicated a dependent child and placed in the temporary custody of CSB. Mother had been diagnosed with schizoaffective disorder, and the case plan required her to engage in ongoing medication management and counseling. Although Mother engaged in some mental health treatment, she did not sign an information release to enable CSB to verify her compliance. Mother also failed to address her substance abuse problems. She did not engage in drug treatment, failed to comply with regular drug screening, and, when she did submit to drug testing, she often tested positive for cocaine and/or marijuana.

**{¶5}** CSB eventually moved for permanent custody of U.D., alleging numerous grounds under Revised Code Section 2151.414(E), including that Mother's parental rights to five of U.D.'s siblings had been involuntarily terminated and Mother had failed to demonstrate that she could now provide this child with a suitable home. *See* R.C. 2151.414(E)(11).

**{¶6}** The matter proceeded to a final evidentiary hearing before a visiting judge. Mother failed to appear at the hearing. Her trial counsel informed the court that Mother was aware of the hearing and that he did not know why she was not there. Nevertheless, Mother's trial counsel continued to advocate on her behalf throughout the hearing. Following the hearing, the trial court terminated parental rights and placed U.D. in the permanent custody of CSB. Mother appeals and raises two assignments of error, which will be addressed together because

they are closely related. Father did not appeal but filed a brief as an appellee, joining in Mother's assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AND VIOLATED MOTHER'S RIGHTS TO DUE PROCESS WHEN IT GRANTED PERMANENT CUSTODY ON GROUNDS NOT ALLEGED IN THE MOTION FOR PERMANENT CUSTODY.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT TERMINATED MOTHER'S PARENTAL RIGHTS AS THE EVIDENCE WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} Mother raises two assignments of error pertaining to the merits of the trial court's permanent custody decision. First, she challenges some of the trial court's findings on the first prong of the permanent custody test. Next, she asserts that the permanent custody decision was not supported by the evidence presented at the hearing.

{¶8} Before a juvenile court may terminate parental rights and award permanent custody of a child to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned; orphaned; has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; the child or another child in a parent's custody has been adjudicated abused, neglected, or dependent on three separate occasions; or the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under Revised Code Section 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of

the child, based on an analysis under Section 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996).

{¶9} Mother's first assignment of error is that the trial court committed reversible error by granting permanent custody based on first prong grounds that CSB had not alleged in its permanent custody motion. This Court has repeatedly recognized that, as long as the trial court properly found one of the alleged grounds for permanent custody, the parent suffered no prejudice by any error in the trial court's alternative first prong findings. *See, e.g.*, *In re S.C.*, 9th Dist. Summit No. 27676, 2015-Ohio-2623, ¶ 30; *In re K.C.*, 9th Dist. Lorain No. 18CA011258, 2018-Ohio-2348, ¶ 11, 21 (holding that, although the trial court erred in basing its permanent custody decision on a ground that was not alleged in the motion, the error was harmless because Mother had notice of an alternative ground that was properly alleged and proven at the hearing). Mother does not challenge the trial court's alternative finding that U.D. could not or should not be returned to her custody based on more than one factor set forth in Section 2151.414(E).

{¶10} Mother's second assignment of error is that the trial court's permanent custody decision was not supported by the evidence. The trial court found that CSB satisfied the first prong of the permanent custody test for several alternative reasons, including that the child could not or should not be returned to either parent. *See* R.C. 2151.414(E). The trial court explicitly found that, among other grounds under Revised Code Section 2151.414(E), that "Mother has had five children removed by previous Court involvement and both parents continue to have unresolved mental health and substance abuse issues." *See* R.C. 2151.414(E)(11). Although Mother implies that the trial court's finding under Section 2151.414(E)(11) was legally deficient because the court did not cite to (E)(11) or fully quote its language, she cites no authority to support that argument, nor is this Court aware of any.

{¶11} The trial court's finding under Section 2151.414(E)(11) was supported by the undisputed evidence presented at the hearing. CSB presented certified copies of journal entries and other filings from the cases involving Mother's five older children. That evidence demonstrated that each of those siblings was ultimately placed in the permanent custody of CSB. Moreover, the evidence demonstrated that those children were removed because of Mother's ongoing mental health and substance abuse problems, the same issues involved in this case.

{¶12} Next, the trial court was required to consider whether permanent custody was in U.D.'s best interest. When determining the child's best interest under Revised Code Section 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the child, the child's wishes, the custodial history of the child, the need for permanence in the child's life, and whether any of the factors set forth in Section 2151.414(E)(7) to (11) apply to the facts of the case. R.C. 2151.414(D)(1); *In re R.G.,* 9th Dist. Summit Nos. 24834 and 24850, 2009-Ohio-6284, ¶ 11.

{¶13} During this case, Mother's interaction with U.D. was limited to supervised visitation. Although the caseworker testified that Mother's interaction during visits was usually appropriate, she expressed concern that Mother's attendance at her scheduled visits had been sporadic. The last time that Mother attended a visit with U.D. was more than five months before the permanent custody hearing. The guardian ad litem questioned whether there was a parent-child bond between Mother and U.D. because Mother had spent so little time with the child.

{¶14} Because U.D. was too young to express his own wishes, the guardian ad litem spoke on his behalf. She opined that permanent custody was in the best interest of U.D. because neither parent could meet the child's basic needs. Specifically as to Mother, the guardian

expressed concern that she had not adequately addressed her long-standing and serious substance abuse and mental health problems.

{¶15} U.D. had never lived with Mother but had spent his entire life living in temporary placements. He was in need of a legally secure permanent placement, but his parents were not prepared to provide him with a stable home and CSB had been unable to find a suitable relative who was willing and able to do so.

{¶16} Finally, despite Mother's argument to the contrary, the trial court did explicitly consider the fact that Mother's parental rights to five older children had been involuntarily terminated and Mother continued to exhibit the same parenting problems that led to the prior terminations of parental rights. *See* R.C. 2151.414(D)(1)(e); R.C. 2151.414(E)(11). After repeated intervention by CSB and nearly 10 years of case planning efforts by the agency, Mother continued to struggle with serious mental health and substance abuse problems.

{¶17} Given the evidence presented at the hearing, the trial court reasonably concluded that permanent custody was in the best interest of U.D. Because Mother has failed to demonstrate any prejudicial error in the trial court's permanent custody judgment, her assignments of error are overruled.

III.

{¶18} Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

CARA FORD, Attorney at Law, for Appellee.

CHRISTINA BOLLMAN, Guardian ad Litem.