[Cite as *In re L.C.*, 2019-Ohio-5222.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: L.C.
    Z.G.
    Z.G.
    Z.G.
    Z.G.

C.A. Nos.    29459
    29471
    29473
    29474
    29475
    29476

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 16-07-574
    DN 16-07-575
    DN 16-07-576
    DN 16-07-577
    DN 16-07-578

DECISION AND JOURNAL ENTRY

Dated: December 18, 2019

CARR, Judge.

{¶1}  Appellants, L.G. ("Mother") and P.C. ("Father C."), appeal from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated their parental rights and placed their minor children in the permanent custody of Summit County Children Services Board ("CSB").  This Court affirms.

I.

{¶2}  Mother is the biological mother of the five minor children at issue in this appeal: L.C., born November 29, 2004; Z.G., born May 13, 2006; Z.G., born February 20, 2008; Z.G.,

born January 1, 2010; and Z.G., born April 3, 2014. Father C. is the father of only the middle child, Z.G., born February 20, 2008. The other fathers did not appeal the trial court's judgment.

{¶3} CSB has a lengthy history with this family that has included six abuse, neglect, and dependency cases dating back to 2004 when L.C. was an infant. During the case before this one, the juvenile court eventually placed the children in the legal custody of their maternal grandmother. This case began on July 11, 2016, when Akron police removed these children from the home of their grandmother pursuant to Juv.R. 6. The children were all adjudicated dependent in this case on October 24, 2016.

{¶4} Several weeks later, CSB moved for permanent custody of all five children. The first permanent custody hearing was held as scheduled on March 9, 2017, before a visiting judge. None of the parents appeared, nor did any counsel on their behalf. After the hearing, the trial court entered judgment, terminating parental rights and awarding permanent custody of the children to CSB.

{¶5} Mother appealed from that judgment and this Court reversed and remanded because Mother was denied proper notice and an opportunity to be heard at the permanent custody hearing. *In re L.C.*, 9th Dist. Summit No. 28718, 2018-Ohio-370, ¶ 1. Specifically, Mother was not properly served with the permanent custody motion, and she did not have the opportunity to participate at the final hearing to defend against CSB's motion. *Id.* at ¶ 23.

{¶6} On remand, CSB again moved for permanent custody. During April 2018, CSB first became aware of Father C. as a potential father of the child Z.G. who was born on February 20, 2008. Father C. did not establish his paternity, however, until February 2019, shortly before the permanent custody hearing.

{¶7} The matter proceeded to a final hearing. Mother appeared at the hearing and was represented by counsel. Father C. was incarcerated at the time, had informed his counsel that he did not want to be transported to the hearing, but that he wanted to be represented by counsel. Through counsel, Father expressed that he supported Mother receiving custody of his child.

{¶8} Following the hearing, the trial court found, among other first prong grounds, that CSB had established grounds under R.C. 2151.414(B)(1)(e) because the children had been adjudicated dependent on at least three separate occasions. The trial court also found that permanent custody was in the best interest of each child. Consequently, it terminated parental rights and placed the children in the permanent custody of CSB.

{¶9} Mother and Father C. appeal, raising a total of seven assignments of error. This Court will consolidate and rearrange some of their assigned errors for ease of review.

## II.

### MOTHER'S ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN GRANTING PERMANENT CUSTODY UNDER R.C. 2151.414(B)(1)(E) BECAUSE ONE OF THE CHILDREN [HAD] NOT BEEN ADJUDICATED ABUSED, [NEGLECTED], OR DEPENDENT ON THREE SEPARATE OCCASIONS SINCE THE STATUTE HAS BEEN IN EFFECT.

### FATHER'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN APPLYING R.C. 2151.414(B)(1)(E) RETROACTIVELY AS TO [FATHER'S CHILD].

{¶10} Both parents challenge the trial court's first prong finding that the children had been adjudicated dependent on three separate occasions. R.C. 2151.414(B)(1)(e). Before a juvenile court may terminate parental rights and award permanent custody of a child to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned; orphaned; has been in the temporary custody of the

agency for at least 12 months of a consecutive 22-month period; the child or another child in a parent's custody has been adjudicated abused, neglected, or dependent on three separate occasions; or the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996).

{¶11} The trial court found that the first prong of the permanent custody test was satisfied for alternative reasons, including that all five children had been adjudicated dependent on three occasions. Effective September 17, 2014, R.C. 2151.414(B)(1)(e) provides a first-prong ground for permanent custody if the court finds by clear and convincing evidence that:

> The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶12} The trial court explicitly found that each child had been adjudicated dependent on at least three separate occasions. As to all but Father C's child, the trial court identified three adjudications for each child from dependency cases in 2014, 2015, and 2016. The court also found that several of the children had been adjudicated dependent and/or abused in additional juvenile court cases from 2004 through 2010.

{¶13} The evidence was not disputed that four of these five children were adjudicated three separate times after the September 17, 2014 effective date of R.C. 2151.414(B)(1)(e). Both parents, however, assert that Father C's child was adjudicated only twice after this provision's effective date, and the trial court relied on additional adjudications of that child that occurred before September 2014. Because the trial court relied on adjudications of Father C.'s child that

predated the effective date of R.C. 2151.414(B)(1)(e), both parents assert that the trial court impermissibly applied the statute retroactively.

{¶14} This Court need not conduct a legal analysis of that issue in this appeal, however. Even if this Court were to accept the parents' legal argument that relying on earlier adjudications would constitute an impermissible retroactive application of the statute, it was unnecessary for the trial court to rely on the earlier adjudications of Father C.'s child. The evidence was not disputed that the other four children had been adjudicated on three separate occasions after the effective date of this provision. R.C. 2151.414(B)(1)(e) is satisfied if any one of these children, or another child in the custody of the parent or parents from whom the child was removed, has been adjudicated at least three times. *See*, *e.g*., *In re A.S.*, 9th Dist. Summit No. 28743, 2017-Ohio-8984, ¶ 5.

{¶15} Although this Court has held that the trial court cannot aggregate the adjudications of more than one child to reach the three adjudications required by R.C. 2151.414(B)(1)(e), by it plain terms, this provision requires that one child, not all of them, has been adjudicated at least three times. *See In re A.W.*, 9th Dist. Lorain No. 17CA011123, 2017-Ohio-7786, ¶ 17 (emphasizing that one of the parent's children must have been adjudicated three times). Because this provision was clearly satisfied by the three adjudications of each of the other children, it was not necessary for the trial court to rely on pre-2014 adjudications of Father C.'s child. Therefore, any potential error in the trial court looking to those prior adjudications was harmless. Mother's third and Father's second assignments of error are overruled.

MOTHER'S ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AND
VIOLATED MOTHER'S RIGHTS TO DUE PROCESS WHEN IT GRANTED
PERMANENT CUSTODY ON GROUNDS NOT ALLEGED IN [CSB'S]
MOTION FOR PERMANENT CUSTODY.

MOTHER'S ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN GRANTING PERMANENT CUSTODY UNDER R.C. 2151.414(B)(1)(D) BECAUSE THE CHILDREN [HAD] NOT BEEN IN THE TEMPORARY CUSTODY OF A PUBLIC CHILDREN SERVICES AGENCY FOR TWELVE OR MORE MONTHS OF A CONSECUTIVE TWENTY-TWO-MONTH PERIOD.

FATHER'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT [FATHER'S CHILD] HAD BEEN IN AGENCY CUSTODY FOR TWELVE OU[T] OF TWENTY-TWO MONTHS.

{¶16} Through these assignments of error, Mother and Father assert that the trial court erred in granting permanent custody under grounds that were not alleged in the complaint and/or established by the evidence. Part of Mother's argument is that CSB did not properly allege the three adjudication first prong ground for permanent custody because it did not explicitly cite to R.C. 2151.414(B)(1)(e).

{¶17} Although CSB's motion for permanent custody did not cite to the subsection of the statute, it specifically alleged that "[a]ll five children have been adjudicated dependent on three separate occasions." Because the three prior adjudication language appears only in this subsection of R.C. 2151.414, these parents received adequate notice that CSB was alleging R.C. 2151.414(B)(1)(e) as a first prong ground for permanent custody. *See, e.g., In re N.M.P.*, 11th Dist. Portage No. 2018-P-0056, 2018-Ohio-5072, ¶ 64; *In re Moore*, 9th Dist. Summit No. 19217, 1999 WL 1215294, *10 (Dec. 15, 1999). Moreover, CSB explicitly argued this ground at the permanent custody hearing and presented certified copies of juvenile court records to support it, without objections from any of the parties. Consequently, the first prong ground under R.C. 2151.414(B)(1)(e) was properly before the trial court and, as discussed already, was established by clear and convincing evidence to support the trial court's finding.

{¶18} The parents' primary argument under these assigned errors is that the trial court erred in finding that the first prong of the permanent custody test was satisfied under the "12 of 22" provision of R.C. 2151.414(B)(1)(d) because that ground was not alleged in the complaint or supported by the evidence. This Court has repeatedly held, however, that if one of the trial court's first prong findings is supported by the record, the parent suffers no prejudice from any error in the trial court's alternative findings. *See*, *e.g.*, *In re U.D.*, 9th Dist. Summit No. 29195, 2019-Ohio-512, ¶ 9. Although the parents challenge the trial court's findings under the "12 of 22" provision, this Court has already determined that the trial court's alternative finding under R.C. 2151.414(B)(1)(e) was supported by the evidence. Consequently, the parents cannot demonstrate reversible error because they suffered no prejudice from any error in the trial court's "12 of 22" finding. Father's first and Mother's first and second assignments of error are overruled.

## FATHER'S ASSIGNMENT OF ERROR III

THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE.

{¶19} Father C's final assignment of error is that the trial court's permanent custody decision as to his child is not supported by the evidence because CSB failed to make reasonable efforts to reunify him with his child. Specifically, he asserts that CSB did not use reasonable efforts because it did not include him on the case plan until after the permanent custody hearing began.

{¶20} Father was represented by counsel in the trial court and did not raise this issue at or before the permanent custody hearing. He has forfeited all but plain error and has failed to argue or demonstrate plain error. *In re R.P.*, 9th Dist. Summit No. 28097, 2017-Ohio-276, ¶ 7. In fact, Father C. has failed to demonstrate any error because the delay in CSB including Father

C. on the case plan was because Father C. did not establish his paternity until shortly before the permanent custody hearing. Father C's inability to be reunited with his child was caused by his own inaction, not by any lack of reunification efforts by CSB. Father C's third assignment of error is overruled.

MOTHER'S ASSIGNMENT OF ERROR IV

MOTHER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HER TRIAL ATTORNEY DID NOT OBJECT TO LACK OF A VALID BINDING JOURNALIZED CASE PLAN THROUGHOUT THE PENDENCY OF THIS CASE.

{¶21} Mother's fourth assignment of error is that she received ineffective assistance of trial counsel because counsel did not object to the trial court's failure to properly journalize the initial case plan filed by CSB on August 15, 2016. Because Mother's trial counsel did not timely raise this issue in the trial court, she asserts that her trial counsel was ineffective for failing to do so.

{¶22} To establish a claim of ineffective assistance of counsel, Mother must demonstrate that her trial counsel's performance was deficient, and that the deficient performance prejudiced her case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "deficient performance" is one that fell below an objective standard of reasonableness. *Id.* at 687-88. To establish prejudice, Mother must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

{¶23} Although Mother's trial counsel failed to object to the trial court's failure to adopt the case plan, Mother cannot prove that, but for counsel's failure, the outcome of the proceedings would have been different. To begin with, had trial counsel raised a timely challenge to the trial court's failure to adopt the case plan in its 2016 dispositional order, the trial court likely would have corrected its oversight and adopted the case plan.

**{¶24}** Moreover, Mother explicitly agreed to the requirements of the case plan and all parties proceeded through this case as if the case plan had been properly adopted and made an order of the court. CSB provided Mother with services and Mother does not argue or demonstrate otherwise. Furthermore, Mother's parental rights were *not* terminated under R.C. 2151.414(E)(1), which would have required CSB to prove that she failed to comply with the case plan and/or remedy the conditions that caused the children to be placed outside the home. Because Mother has failed to establish that the results of these proceedings would have been different if trial counsel had timely raised this issue, her fourth assignment of error is overruled.

III.

**{¶25}** Mother's and Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

                                        _____
                                        DONNA J. CARR
                                        FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

LESLIE GRASKE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.

ANNETTE POWERS, Attorney at Law, for the Children.

JOE KERNAN, Guardian ad Litem.